UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ANTHONY WHITTER and RALPH RAMJATTAN,

                Plaintiffs,                                    Civil Action No.

          - against -                              **<u>COMPLAINT</u>**

THE CITY OF NEW YORK, BANDE AUTOMOTIVE,
LLC, and JOHN DOE, Individually,

                                                  **Jury Trial Demanded**

                Defendants.
-------------------------------------------------------------------------X

Plaintiffs, ANTHONY WHITTER and RALPH RAMJATTAN, by their attorneys, bring this Complaint against the defendants THE CITY OF NEW YORK ("the City"), BANDE AUTOMATIVE, LLC ("Bande") and JOHN DOE, Individually, together known as "the Defendants," and allege as follows:

## <u>NATURE OF THIS ACTION</u>

1.      Plaintiffs, Anthony Whitter and Ralph Ramjattan, bring this action seeking a declaratory judgment, compensatory and punitive damages, costs, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988, as redress for the deprivation of their rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, arising from Defendants' warrantless seizure, and continued detention, of their motor vehicles.

2.      Defendants have violated: (a) the plaintiffs' rights against unreasonable seizures, as is protected under the Fourth Amendment, and (b) the plaintiffs' right to be protected against deprivations of their property, without due process, as protected under the Fifth and Fourteenth Amendments.

3.      The City of New York has created and maintains a Rotation Tow Program,

"ROTOW," pursuant to Section §2-372 of the New York City Code.

4.       Under its ROTOW program, the City authorizes New York City Police Department (NYPD) employees and private companies, including defendant Bande Automotive, to make warrantless seizures of motor vehicles they unilaterally deem to be "abandoned," despite being lawfully parked on a street in New York.

5.       On June 12, 2025, Mr. Whitter was the titled (and registered) owner of a 2008 Mercedes motor vehicle, which was registered in Connecticut, and which was lawfully parked on a street near Mr. Ramjattan's mother's home.

6.       The City removed Mr. Whitter's vehicle because there was no inspection sticker or registration sticker displayed in the windshield.

7.       In the State of Connecticut, the State Department of Motor Vehicles neither issues nor requires inspection or registration stickers to be displayed in the windshield.

8.       Because Mr. Whitter's 2008 Mercedes had no inspection stickers or registration stickers affixed to it, despite being lawfully parked, the NYPD and Bande Automotive deemed it to be an "*abandoned*" vehicle, and concomitantly, Bande Automotive seized it without a warrant or any exception to the warrant requirement.

9.       On or about June 12, 2025, Mr. Ramjattan was the titled (and registered) owner of a 1992 Mercedes motor vehicle, which was registered in Florida, and which was lawfully parked on a street near Mr. Ramjattan's mother's home.

10.      The City removed Mr. Ramjattan's vehicle presumably because there was no front license plate on the vehicle.

11.      In the State of Florida, the State Department of Motor Vehicles does not require front license plates to be displayed.

2

12. Because Mr. Ramjattan's Mercedes had no front license plate affixed to it, despite being lawfully parked, the NYPD and Bande Automotive deemed it an "*abandoned*" vehicle, and concomitantly, Bande Automotive seized it without a warrant or any exception to the warrant requirement.

13. Under its ROTOW program, the City has authorized Bande Automotive to seize motor vehicles without warrants, without permission from the owners of such vehicles, and without providing the owners with any type of notice: (a) that their vehicle has been seized at the direction of a City employee, (b) the identity of whom is then in possession of their vehicle, nor (c) where they have taken it.

14. The City has additionally authorized Bande Automotive to then deprive owners of their vehicles on a continuing basis, unless and until the owners pay excessive monies to Bande Automotive, which Bande Automotive unilaterally claims to be for towing and storage charges, thereby asserting *de facto ex parte* liens against the vehicles.

15. While the City adopted Section §2-368 of the City Code to set limits on how much Bande Automotive can charge for the towing and storage of such vehicles ($125 for a tow and $25-$27 per day for storage), Bande Automotive has been retaining possession of vehicles under the authority granted to it by the City, yet demanding excessive payments from vehicle owners as a condition precedent to releasing their vehicles.

16. When vehicle owners go to Bande Automotive to secure the release of their vehicles, Bande Automotive intentionally delays the release of vehicles to increase the storage charges by: (a) falsely advising vehicle owners that their vehicle is not at that location (even though the owner can see their vehicle sitting in their lot),  (b) telling vehicle owners that the "system is done," or (c) stating that the person who knows how much the fees are is not in the

office, so the owner has to come back on another day.

17.    The City is affirmatively aware of these practices by its ROTOW vendors and has acted with deliberate indifference to the clear violations of the U.S. Constitutional rights of vehicle owners, whose vehicles have been seized and detained by ROTOW vendors, by virtue of the authority the City vested in the vendors.

18.    Bande Automotive's and other vendors' practices, and the City's failure to stop them, have been widely reported in the media, including one or more television news stations, the press, and on multiple sites on the internet.

19.    Annexed hereto, and made part of this complaint as Exhibit "A" is a copy of a news article from CBS News in New York.

20.    Upon information and belief, the City has received hundreds of complaints explicitly describing ROTOW vendors' practices, and still, the City has failed to remedy them.

21.    Notwithstanding the City having actual knowledge of these practices being carried out by Bande Automotive and other tow vendors under the authority granted to Bande Automotive by the City, the City has continuously and systematically failed to prevent the clear and systematic violations of vehicle owners' rights to Due Process, as further described hereinbelow.

22.    The City has continuously failed to implement any procedure to stop the persistent U.S. Constitutional violations from continuing.

23.    Such failure on the part of the City constitutes deliberate indifference to the rights of vehicle owners, inclusive of the plaintiffs herein.

24.    In precisely the same manner that ROTOW vendors have extorted hundreds of vehicle owners of excessive fees to secure the release of their vehicles, Bande Automotive

4

extorted storage fees from Mr. Whitter and Mr. Ramjattan that exceeded the maximum amount Bande Automotive was lawfully permitted to charge under the City Code, and Bande Automotive refused to release Mr. Whitter's and Mr. Ramjattan's vehicles unless and until they paid the same.

## JURISDICTION AND VENUE

25.     Plaintiffs bring this civil rights action pursuant to 42 U.S.C. §1983 and §1988 for deprivation of Plaintiffs' rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

26.     Jurisdiction is conferred on this Court by 28 U.S.C. §§1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in the Court for all suits brought pursuant to 42 U.S.C.§1983.

27.     Jurisdiction is conferred on this Court by 28 U.S.C. §1331 because the cause of action arises under the Constitution and laws of the United States.

28.     Supplemental jurisdiction is conferred on this Court by 28 U.S.C. §1367 for an interrelated state law claim, because such state law claim has arisen from the same common nucleus of operative fact.

29.     Venue lies in the Court pursuant to 28 U.S.C. §1391, because the Plaintiffs reside in, and the actions taken by the defendants occurred in, the Southern District of New York.

## THE PARTIES

30.     Plaintiff, Anthony Whitter ("Mr. Whitter"), is an individual who resides in Mount Vernon, New York. Mr. Whitter is the owner of the 2008 Mercedes (the "2008 Vehicle"), which was unlawfully seized and unlawfully detained by the City and Bande Automotive.

31.     The Plaintiff, Ralph Ramjattan ("Mr. Ramjattan"), is an individual who resides in the Bronx, New York. Mr. Whitter is the owner of the 1992 Mercedes (the "1992 Vehicle"), which was unlawfully seized and unlawfully detained by the City and Bande Automotive.

32.     Upon information and belief, the defendant, the City of New York, is a municipal corporation organized and operating under New York State law.

33.     Upon information and belief, Defendant Bande Automotive, LLC, is a domestic limited liability company organized and existing under the laws of the State of New York and operating as a business engaged in the towing and storage of motor vehicles, with a principal place of business located at 185-26 Merrick Blvd, Springfield Gardens, NY 11413.

34.     Upon information and belief, Defendant John Doe is an individual unknown to the Plaintiffs at this time, residing in the State of New York, and is the CEO and owner of Defendant Bande Automotive, and is the person responsible for setting policies and practices of Bande Automotive LLC.

### FACTS COMMON TO ALL COUNTS
### New York City's ROTOW PROGRAM

35.     At all times described herein, the City of New York maintained a Rotation Tow Program ("ROTOW) pursuant to New York City Code §2-372 et seq.

36.     The ROTOW Program is an official New York City program under which the defendants carry out policies, practices and procedures through which the defendants: (a) unilaterally deem motor vehicles found parked within the City to be "abandoned," (b) seize them without warrants, and then (c) deprive the owners of such vehicles with the use and possession of same, under demand that the owners pay Bande Automotive excessive sums of monies to secure the release of their vehicles.

37.     In directing and/or authorizing such warrantless seizures of motor vehicles, the City does not afford the owners of such vehicles any pre-seizure notice of seizure.

38.     In directing and/or authorizing such warrantless seizures of motor vehicles, neither the City, nor the other defendants, afford the owners of such vehicles any pre-seizure or post-seizure hearing at which the vehicle owner can challenge: (a) the initial warrantless seizure of their motor vehicle; (b) the tow company's right to thereafter deprive the owner of the use and possession of their vehicle on a continuing basis; nor (c) the amounts that Bande Automotive unilaterally demands the vehicle owners pay to Bande Automotive, in the absence of which, Bande Automotive refuses to release their vehicles.

39.     In practice, the City authorizes and empowers defendant Bande Automotive to impose illegal *ex parte* liens against seized vehicles without any pre-seizure or post-seizure hearing at which the vehicle owners are afforded an opportunity to challenge the detention of such vehicles.

40.     As a ROTOW vendor that the City has authorized to make warrantless seizures of motor vehicles, Bande Automotive routinely engages in practices deliberately designed to delay the release of lawfully owned vehicles in order to accumulate additional storage fees.

41.     Specific practices which are routinely, systematically, and repeatedly employed by Bande Automotive to delay the release of vehicles seized under the City's ROTOW program include, but are not limited to:

      (a)     pretending to be closed, even during posted business hours when vehicle owners physically go to Bande Automotive's yard to retrieve their vehicles;

      (b)     advising owners that the person "in charge of releasing vehicle is not here, so they have to come back another day to retrieve their vehicle";

(c)     falsely advising vehicle owners that their vehicle is not at that location, or is not currently accessible, even in cases when the owners can clearly see their vehicle at that location, and that it is accessible.

**Defendants Seized and Detained the Plaintiffs' Vehicles**

42.     In accord with such policy, practices, and procedures, on or about June 12, 2025, the NYPD had Mr. Whitter's and Mr. Ramjattan's vehicles towed from the street outside Mr. Ramjattan's mother's home for not displaying a registration or inspection sticker, and not displaying a front license plate, respectively.

43.     Plaintiffs located their vehicles using a previously installed tracking device. Plaintiffs observed that the vehicles were being held in a supermarket's parking lot. Subsequently, the vehicles were moved to the street on White Plains Road.

44.     Mr. Whitter went to the 47th Precinct of the NYPD to present his registration and inquire as to how to retrieve his vehicle. He was given the number to Bande Automotive. During a first call to Bande, he was told to "call back later." When he called back later, Mr. Whitter was told "the systems are down," so no one can retrieve their vehicles.

45.     The next day, Plaintiffs were able to pay monies to Bande to retrieve their vehicles.

46.     When they did pick up their vehicles, there was thousands of dollars of damage to each vehicle.

**Under Authority Granted to it by New York City, Bande Automotive**
**Imposed *Ex Parte* Liens on the Plaintiffs' Vehicles**

47.     By demanding payment as a condition for releasing the Vehicles to enforce payment of such sums, Bande Automotive imposed a *de facto ex parte* lien against the Plaintiffs' vehicles.

48.     Said demands constituted the assertion of a *de facto* possessory lien in the Vehicles superior to Mr. Whitter's and Mr. Ramjattan's ownership rights, the assertion and imposition of which constituted a deprivation of their property rights in their vehicles, without due process of law.

### New York City and Bande Automotive Detained Plaintiffs' Property

49.     New York City and Bande Automotive worked in concert to seize and detain the Vehicles by imposing a condition of payment for release.

50.     Bande Automotive would not release the Vehicles to Plaintiffs unless Plaintiffs paid all sums of money demanded by Bande Automotive. Bande Automotive detained the Vehicles in violation of the ROTOW statute.

51.     The City's and Bande Automotive's initial towing and detention of the Vehicles constituted a meaningful interference with Plaintiffs' use, possessory, and ownership interests in the Vehicles, and the seizure was effectuated without a warrant or a valid exception to the warrant requirement.

52.     Both the initial seizures and the continued detentions separately constituted unreasonable seizures of the Vehicles in violation of the United States and New York Constitutions

### Bande Automotive and John Doe's Involvement

53.     During the aforementioned incidents, John Doe was the principal of Bande Automotive, who owned and controlled same, and who created, implemented, and maintained Bande Automotive's practices, including its practices described herein.

54.     Such regular practices include imposing an *ex parte* lien for towing and storage on a seized vehicle, charging more than statutorily permitted, retaining vehicles to increase

storage costs, and failing to provide any process for a hearing regarding the City's and Bande Automotive's detention of the vehicle.

55.    Bande Automotive towed and possessed the Vehicles solely by virtue of its contract with the City. Bande Automotive detained the Vehicles as a joint participant with the City and, therefore, acted under color of law when it seized and detained Mr. Whitter's and Mr. Ramjattan's property.

### The Defendants Have Failed to
### Institute a Procedure for Judicial Review

56.    Both before and after seizing the Vehicles, none of the defendants undertook any action whatsoever to secure judicial review of the seizures and continued retentions of Plaintiffs' vehicles.

57.    Prior to imposing a lien for charges against the Vehicles, none of the Defendants had provided any hearing before an impartial decision-maker, with adequate notice, whereby Mr. Whitter or Mr. Ramjattan could protect their interests in recovering the Vehicles and avoid storage charges accruing *in futuram*.

58.    What notice was provided by the Defendants, if any, was constitutionally inadequate for due process purposes.

### EACH OF THE DEFENDANTS IS A "PERSON" WHO
### ACTED UNDER COLOR OF STATE LAW

### Defendants Bande Automotive and John Doe

59.    Defendants Bande Automotive and John Doe are also persons acting under color of state law because there is a sufficiently close nexus between the City of New York and the

10

challenged actions of Bande Automotive, so that the actions of Bande Automotive may fairly be treated as those of the City of New York.

60.     Bande Automotive towed the Plaintiffs' vehicles, stored them, deprived the Plaintiffs of their vehicles on a continuing basis, and extorted monies for such towing and storage despite the fact that the owners of such vehicles did not request any such services.

61.     In carrying out these activities, both Bande Automotive and John Doe acted pursuant to the coercive police power of the New York City Police Department, and were controlled by same.

62.     Both Bande Automotive and John Doe were willful participants in these joint activities with the New York City Police Department, their functions were entwined with the City's seizure and vehicle retention policies, and Bande Automotive and John Doe were delegated public functions by the New York City Police Department in physically seizing, and taking possession of, the vehicles of the Plaintiffs.

63.     As the principal of Defendant Bande Automotive, Defendant John Doe set the policies, practices, and procedures of Defendant Bande Automotive, personally signed the agreement with the City to have Bande Automotive carry out the unconstitutional policies, practices, and procedures jointly with New York City, and directed and/or caused Bande Automotive and its employees to carry out such unconstitutional policies, practices, and procedures.

## THE CITY IS A "PERSON" LIABLE TO PLAINTIFFS UNDER 42 U.S.C. § 1983 BECAUSE THE DEFENDANTS' ACTIONS WERE UNDERTAKEN PURSUANT TO POLICY AND/OR CUSTOM

64.     At all relevant times mentioned herein, Defendant the City, pursuant to New York State Law, created the policies under which the ROTOW program was to be applied and enforced.

11

65.     Pursuant to 42 U.S.C. §1983, a municipality may be held liable for constitutional violations committed by its employees where the policies or customs sanctioned by the municipality were "the moving force of the constitutional violation." *Everett v. Eastchester Police Dep't*, 69 N.Y.S.3d 95, 96–97 (2018), quoting (*Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 (2018)).

66.     The City is clothed with the authority to make official government policies and laws on its own behalf.

67.     As such, the wrongful actions of the Defendants herein with respect to the Vehicles represent the City's official governmental policy.

68.     Because the actions of the Defendants as set forth above constituted the City's official policy, the City is a "person" liable for Defendants' wrongful actions within the purview of 42 U.S.C. §1983.

## **Monell Liability**

69.     The City of New York is well aware of Bande Automotive's widespread, continuous, and ongoing Unconstitutional practices, but has wholly failed to implement any procedures to bring an end to same, nor to prevent Bande Automotive from continuing same.

70.     Upon information and belief, the City has received hundreds of complaints from vehicle owners regarding the precise practices by its tow vendors described herein.

71.     The Better Business Bureau (BBB) maintains a public website upon which reports of Bande Automotive's overcharging vehicle owners have been published for years. See Exhibit "B."

12

72. But still, the City has not removed Bande Automotive's authority to seize vehicles on behalf of the City, and has not implemented any procedures to prevent Bande Automotive's unlawful and unconstitutional practices from continuing.

73. Nor has the City implemented any procedure for any agency or employee of the City to supervise Bande Automotive's activities under the City's ROTOW program to bring an end to the practices described herein.

74. Faced with the well-known and clearly established pattern of misconduct on the part of Bande Automotive, the City's failure to implement procedures, or to assert supervision over Bande Automotive to bring an end to same, constitutes deliberate indifference to the rights of the vehicle owners, including the Plaintiffs herein, whose vehicles are seized by Bande Automotive under the City's ROTOW program, and who are victimized by Bande Automotive's practices.

75. The City's policy of inaction, in the face of the overwhelming notice that its authorized tow vendor is systematically violating vehicle owners' rights by abusing the authority granted to the vendor by the City, constitutes the functional equivalent of a decision by the City itself to violate the Constitution.

76. As such, the City is liable to the Plaintiffs herein since (a) its failure to act constituted deliberate indifference to the rights of victims, including the Plaintiffs, (b) its failure to act constituted a tacit approval of the violations being carried out by Bande Automotive, (c) its failure to implement any policies or procedures to bring an end to such unconstitutional practices deprived vehicle owners, including the Plaintiffs, of their rights to due process, and (d) its failure to implement supervision over Bande Automotive to bring an end to such practices deprived vehicle owners, including the Plaintiffs, of their rights to due process.

**Monell Liability - Lack of Procedures to Afford Vehicle Owners Due Process**

77.     When NYC Police contact Bande Automotive and direct Bande to seize a vehicle under the City's ROTOW program, the City has no procedures under which it provides due process to the owners of such vehicles.

78.     The City has no policy, practice, or procedure to provide a vehicle owner with prompt notice:

(a)     that their vehicles have been impounded at the direction of NYC police (vehicle owners assume that their cars have been stolen, report it to the police, and then, after multiple telephone calls to the police, they ultimately learn that the police had directed their vehicles to be impounded);

(b)     who has possession of their vehicle, where the tow company, or their vehicle, is located;

(c)     how much the tow company is permitted to charge the vehicle owner for the tow and storage;

79.     The City has no policy, practice, or procedure to provide the vehicle owner with a prompt post-seizure hearing at which the vehicle owner is afforded an opportunity to challenge:

(a)     the amount that the tow company demands the vehicle owner pay, as a precondition to the release of the owner's vehicle;

(b)     the tow company's delay and release refusal tactics, whereby they intentionally delay the release of vehicles to enable them to charge more money for storage fees;

(c)     the tow company's refusal to provide receipts for payments.

80.     Nor does the City have any policy, practice, or procedure to provide the vehicle owner with prompt notice of their right to any such hearing.

14

## COUNT I

**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
Unreasonable Seizure in Violation of the Fourth and Fourteenth
Amendments and Deprivation of Property Without Due Process of Law**

**(Against All Defendants)**

81.     Plaintiffs reallege and incorporate herein by reference each of the foregoing allegations of the Complaint set forth herein above, with the same force and effect as if fully set forth at length herein.

82.     Prior to the City and Bande Automotive's involvement with the Vehicles, Plaintiffs held the duly recorded ownership interest in their Vehicles.

83.     At all times relevant to this action, Mr. Whitter had the protected property rights to the use and possession of his Vehicle.

84.     At all times relevant to this action, Mr. Ramjattan had the protected property rights to the use and possession of his Vehicle.

85.     By seizing their vehicles without a warrant, or any exception to the warrant requirement, and thereafter depriving Plaintiffs of the use and possession of their vehicles on a continuing basis, defendants City Bande Automotive and John Doe violated their right to be free from unreasonable seizures, as is protected under the Fourth Amendment to the United States Constitution.

86.     By detaining their vehicles without providing any form of notice or opportunity for a hearing whereby Plaintiffs could protect their interests, the City, Bande Automotive and John Doe each acted under color of state law to deprive Plaintiffs of their protected property interests, without affording them due process, in violation of their rights under the Fifth and Fourteenth Amendments to the United States Constitution.

15

87.    The City, Bande Automotive and John Doe acted under color of state law to deprive Plaintiffs of their interests in the Vehicles by imposing a lien for various fees on the Vehicles that would supposedly supersede Plaintiffs' ownership interests, and without providing notice of an opportunity for a hearing at which Plaintiffs could protect their interests from such supposed lien.

88.    The City, Bande Automotive, and John Doe's use of police power to seize Plaintiffs' property, and their subsequent reliance on that authority and state law to deprive Plaintiffs of their property rights in the Vehicles without pre-deprivation or post-deprivation notice and the opportunity for a hearing, violates the Due Process requirement of the Fifth and Fourteenth Amendments to the United States Constitution.

89.    As a direct and proximate result of the City, Bande Automotive and John Doe's violation of Plaintiffs' right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution and their right to Due Process under the Fourteenth Amendment to the United States Constitution, Plaintiffs have suffered damages based upon the lost use of the Vehicles, the lost value of the Vehicles, and other damages.

90.    The failure by official City and Bande Automotive policymakers to properly train or supervise subordinates regarding the process due in conjunction with the seizure, detention, and assertion of charges and liens against vehicles, as made clear by numerous controlling court decisions, amounts to deliberate indifference to the rights of persons who have interests in vehicles that are seized, detained, subjected to charges and liened by the City and Bande Automotive.

91.    But for the City and Bande Automotive's deprivational policies, decisions, practices, and failures described above, Plaintiffs would have had the right to recover, and would

have recovered, the Vehicles without delay or with minimal delay by reason of measures that preserve legitimate governmental interests but are less intrusive than continued detention of the vehicle; without incurring liability for or loss due to towing and storage charges imposed ex parte; and without incurring liability for or loss due to further alleged storage charges continually accruing daily.

92.     In view of the foregoing, the Plaintiffs have been damaged and are entitled to obtain redress pursuant to 42 U.S.C. §1983.

93.     Plaintiffs are entitled to a monetary award for compensatory damages equal to the fair market rental value of the vehicles for the period they were denied possession of same, amounts equal to the amounts which the defendants extorted from them as a pre-condition to the release of their vehicles, related damages, and a money judgment for same, against all of the Defendants, jointly and severally.

94.     The Plaintiffs are additionally entitled to a monetary award for reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988, and a money judgment for same, against all of the Defendants, jointly and severally.

95.     Given the systematically egregious conduct by defendants Bande Automotive and John Doe, the Plaintiffs are additionally entitled to an award of punitive damages against said defendants, and a monetary judgment for the same against defendants Bande Automotive and John Doe, jointly and severally.

17

## COUNT II

### New York Constitution Article I, Sec. 6 and Article I, Sec. 12
### (Deprivation by Unreasonable Seizure)
### (Deprivation of Property Without Due Process of Law)

### (Against All Defendants)

96.    Plaintiffs reallege and incorporate herein by reference each of the allegations set forth in the foregoing paragraphs of the Complaint with the same force and effect as if fully set forth at length herein.

97.    The Defendants' actions, as indicated, violate the corresponding protection of the New York State Constitution set forth in Article I, Sections 6 and 12 therein.

98.    As a result of the defendants' actions, the Plaintiffs have been damaged by the loss of the use and possession of their Vehicles, the monies they were extorted to pay to secure the release of their vehicles, and concomitantly, the Plaintiffs are entitled to a monetary award for compensatory damages, and a money judgment for same, against all of the Defendants, jointly and severally.

99.    The Plaintiffs are entitled to a monetary award for reasonable attorney's fees and costs, and a money judgment for same, against all of the Defendants, jointly and severally.

100.    Given the systematically egregious conduct by defendants Bande Automotive and John Doe, the Plaintiffs are additionally entitled to an award of punitive damages against said defendants, and a monetary judgment for the same against defendants Bande Automotive and John Doe, jointly and severally.

## COUNT III
### Declaratory Relief
### (Against All Defendants)

101.    Plaintiffs reallege and incorporate herein by reference each of the allegations set forth in the foregoing paragraphs of the Complaint.

102.    An actual controversy has arisen and now exists between the Plaintiffs and the Defendants, warranting declaratory relief pursuant to 28 U.S.C. §2201.

103.    Plaintiffs seek a declaration that Due Process violations occurring by reason of the City, Bande Automotive, and John Doe's improper seizure and detention of the Vehicles are chargeable to the City, Bande Automotive, and John Doe, jointly and severally.

104.    Plaintiffs seek a declaration that the conduct of the City, Bande Automotive, and John Doe as described above violates the United States and New York State Constitutions.

105.    Plaintiffs seek a declaration that the Defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for all damages and attorney's fees suffered and incurred by Plaintiffs.

106.    The Plaintiffs are entitled to a monetary award for compensatory damages, and a money judgment for same, against all of the Defendants, jointly and severally.

107.    The Plaintiffs are entitled to a monetary award for reasonable attorney's fees and costs, and a money judgment for same, against all of the Defendants, jointly and severally.

## COUNT IV
### NEW YORK STATE GENERAL OBLIGATIONS LAW (GBL) §349
### (Against Defendants Bande Automotive and John Doe)

108.    Plaintiffs reallege and incorporate herein by reference each of the allegations set forth in the foregoing paragraphs of the Complaint with the same force and effect as if fully set forth at length herein.

109.    Bande Automotive's actions and tactics described herein above constitute unfair, deceptive, and abusive acts and practices within the meaning of New York General Business Law (GBL)Chapter 20, Article 22-A, Section §349.

110.    The Plaintiffs are empowered to seek legal redress, to obtain injunctive relief, to recover monetary damages, and attorney's fees against defendants Bande Automotive and John Doe, pursuant to GBL §349(h).

111.    The Plaintiffs are entitled to an award of treble damages against said defendant pursuant to GBL §349(h)

112.    Bande Automotive and John Doe have caused Plaintiffs to sustain damages, including, but not limited to, the fair market rental value of Plaintiffs' Vehicles while they were impounded and detained, and the amounts Plaintiffs were extorted into paying to secure their release.

113.    Bande Automotive and John Doe's actions warrant the recovery by Plaintiffs of their attorney fees pursuant to GBL 349(h), as well as punitive damages, as such conduct continues despite numerous Court decisions that condemn such conduct.

114.    The Plaintiffs are entitled to a monetary award for compensatory damages, and a money judgment for same, against all of the Defendants, jointly and severally.

115.    The Plaintiffs are entitled to a monetary award for reasonable attorney's fees and costs, and a money judgment for same, against all of the Defendants, jointly and severally.

## COUNT V

### NEW YORK STATE LAW - CONVERSION
### (Against Defendants Bande Automotive and John Doe)

116.    Plaintiffs reallege and incorporate herein by reference each of the allegations set forth in the foregoing paragraphs of the complaint.

117.    Bande Automotive and John Doe exercised wrongful dominion and control over the Subject Vehicles by refusing to release them to Plaintiffs.

118.    John Doe directly controlled Bande Automotive's actions in converting the Subject Vehicles.

119.    Plaintiffs have suffered damages for loss of possession, use, and enjoyment of their property, and other actual damages as a result of Bande Automotive and John Doe's conduct.

120.    Bande Automotive and John Doe's actions warrant punitive damages because such conduct persisted despite direct condemnation by state court authorities.

121.    The Plaintiffs are entitled to a monetary award for compensatory damages, and a money judgment for same, against all of the Defendants, jointly and severally.

122.    The Plaintiffs are entitled to a monetary award for reasonable attorney's fees and costs, and a money judgment for same, against all of the Defendants, jointly and severally.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, Anthony Whitter and Ralph Ramjattan, request that this Court grant judgment in their favor, as follows:

### COUNT ONE
### Against All Defendants

A.    a judgment in favor of the Plaintiffs on all causes of action asserted in COUNT ONE of the complaint; and

B.    an award of compensatory damages, and a monetary judgment for same against all of the defendants, jointly and severally, equal to the fair rental market value of the Plaintiffs' vehicles for the period of deprivation, recoupment of the monies which the Plaintiffs expended to secure the release of their vehicles and such other damages as are proven at the time of trial plus interest at the legal rate of nine (9%) percent per annum,

from the date of seizure through the date of entry of judgment against the defendants; and

C.   An award of punitive damages against defendants Bande Automotive, LLC and John Doe, and a monetary judgment against said defendants, jointly and severally; and

D.   an award for reasonable attorney's fees and costs in favor of the Plaintiffs pursuant to 42 U.S.C. §1988, and a monetary judgment against all of the defendants, jointly and severally, for the same, and

C.   such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

## COUNT TWO
## Against All Defendants

A.   a judgment in favor of the Plaintiffs on all causes of action asserted in COUNT TWO of the complaint; and

B.   an award of compensatory damages, and a monetary judgment for same against all of the defendants, jointly and severally, equal to the fair rental market value of the plaintiff's' vehicles for the period of deprivation, recoupment of the monies which the Plaintiffs expended to secure the release of their vehicles and such other damages as are proven at the time of trial plus interest at the legal rate of nine (9%) percent per annum, from the date of seizure through the date of entry of judgment against the defendants; and

C.   An award of punitive damages against defendants Bande Automotive, LLC and John Doe and a monetary judgment against said defendants, jointly and severally; and

D.   an award for reasonable attorney's fees and costs in favor of the Plaintiffs, and a monetary judgment against all of the defendants, jointly and severally, for the same, and

E.   such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

22

## COUNT THREE
### Against All Defendants

A.      A declaratory judgment, adjudging and declaring the practices of the defendants to be unconstitutional, and enjoining each of the defendants from continuing same, and declaring that the defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for all damages and attorney's fees suffered and incurred by Plaintiffs; and

B.      an award of compensatory damages, and a monetary judgment for same against all of the defendants, jointly and severally, equal to the fair rental market value of the Plaintiffs' vehicles for the period of deprivation, recoupment of the monies which the Plaintiffs expended to secure the release of their vehicles and such other damages as are proven at the time of trial plus interest at the legal rate of nine (9%) percent per annum, from the date of seizure through the date of entry of judgment against the defendants; and

C.      An award of punitive damages against defendants Bande Automotive, LLC and John Doe and a monetary judgment against said defendants, jointly and severally; and

D.      an award for reasonable attorney's fees and costs in favor of the Plaintiffs pursuant to 42 U.S.C. §1988, and a monetary judgment against all of the defendants, jointly and severally, for the same, and

E.      such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

## COUNT FOUR
### Against Defendants Bande Automotive, LLC, and John Doe

A.      a judgment in favor of the Plaintiffs on all causes of action asserted in COUNT FOUR of the complaint; and

B.      an award of compensatory damages, and treble damages pursuant to NY GBL §349(h), and a monetary judgment for same against all of the defendants, jointly and severally, equal to the fair rental market value of the Plaintiffs' vehicles for the period of deprivation, recoupment of the monies which the Plaintiffs expended to secure the release of their vehicles and such other damages as are proven at the time of trial plus interest at the legal rate of nine (9%) percent per annum, from the date of seizure through the date of entry of judgment against the defendants; and

23

C.  An award of punitive damages against defendants Bande Automotive, LLC and John Doe, and a monetary judgment against said defendants, jointly and severally; and

D.  an award for reasonable attorney's fees and costs in favor of the Plaintiffs pursuant to NY GBL 349(h), and a monetary judgment against all of the defendants, jointly and severally, for the same, and

E.  such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

Dated: Merrick, New York
       June 1, 2026

                                        CAMPANELLI & ASSOCIATES, P.C.


                                        By: /s/ *Andrew J. Campanelli*
                                             Andrew J. Campanelli, Esq.
                                             1757 Merrick Ave, Suite 204
                                             Merrick, NY 11566
                                             516-746-1600
                                             ajc@campanellipc.com
                                             *Counsel for Plaintiffs*

24