

**THE CITY OF NEW YORK**
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**THOMAS LAI**
*Senior Counsel*
E-mail:tlai@law.nyc.gov
Phone: (212) 356-2336
Fax: (212) 356-3509

July 1, 2026

**<u>VIA ECF</u>**
Honorable Loretta A. Preska
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

SO ORDERED.

*[signature]*

Loretta A. Preska, U.S.D.J.
July 1, 2026

Re:     *Anthony Whitter et al. v. The City of New York, et al.,*
        26 Civ. 04631 (LAP)

Your Honor:

I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and the attorney assigned to represent Defendant City of New York. <u>The City writes to respectfully request a sixty (60) day enlargement of time from July 2, 2026 to August 31, 2026 to answer or otherwise respond to the Complaint.</u> This is the first request for an enlargement and the City apologizes for the lateness of this request but this matter was assigned yesterday. Plaintiff's counsel, Philip Anthony Salmon from the office of Campanelli & Associates P.C., consents to this request.

Plaintiff brings this action, pursuant to 42 U.S.C. §1983, against Defendants City, and Bande Automotive, LLC. alleging, *inter alia*, that on June 12, 2025, his car was unreasonably seized pursuant to the New York City Police Department's Rotation Tow Program ("ROTOW") without a warrant. Plaintiff further alleges that defendant Bande Automotive, LLC was authorized by the City to seize Plaintiff's vehicle and charge fees for the seizure. Plaintiff claims Bande Automotive, LLC engaged in deliberate practices to delay return of Plaintiff's vehicle to increase storage fees which were more than allowed by statute.

This enlargement is requested because, in accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure, this Office needs time to investigate the allegations set forth in the Complaint. For example, we needed to investigate the circumstances under which Plaintiff's vehicle was seized i.e. whether Plaintiff's vehicle was deemed abandoned,

or a ticket was issued, and the events following seizure of the vehicle. In addition, even though Plaintiff is not alleging that he was arrested, if the records are deemed seal, this Office will have to obtain an executed unsealing order from Plaintiff to access said records.

Accordingly, the City respectfully requests an adjournment until August 31, 2026, to respond to the Complaint.

The City thanks the Court for its attention to this matter.

Respectfully submitted,

*Thomas Lai s/*

Thomas Lai
Senior Counsel
Special Federal Litigation Division

To:     **VIA ECF**
        Andrew J. Campanelli
        Campanelli & Associates P.C.
        Attorney for Plaintiff
        1757 Merrick Avenue, Suite 204
        Merrick, NY 11566

2